# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CIVIL CASE NO. 1:12-cv-00123-MR
# [CRIMINAL CASE NO. 1:09-cr-00013-MR-3]

| | |
|---|---|
| DENNIS LAMAR BRUTON, ) | |
| ) | |
| Petitioner, ) | |
| ) | **MEMORANDUM OF** |
| vs. ) | **DECISION AND ORDER** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

**THIS MATTER** comes before the Court on Petitioner's "Motion to Reconsider Court's Ruling Denying § 2255 Motion 'With Prejudice.'" [Doc. 16].

## BACKGROUND

Petitioner is serving a 262-month sentence after being convicted on July 19, 2010, of conspiring to distribute, and possessing with the intent to distribute, 50 or more grams of cocaine base, in violation of 21 U.S.C. §§ 846 and 841(a)(1). [Criminal Case No. 1:09-cr-00013-MR-3 ("CR"), Doc. 261: Acceptance and Entry of Guilty Plea]. Petitioner was sentenced as a career offender under U.S.S.G. § 4B1.1(a). Petitioner appealed on July 24, 2010, but the appeal was subsequently dismissed on September 20, 2010,

due to Petitioner's failure to prosecute. [CR Docs. 552, 559]. The Fourth Circuit Court of Appeals mandate dismissing the appeal was issued on September 20, 2010. [Id.]. Petitioner did not file a petition for certiorari with the U.S. Supreme Court.

On May 26, 2012, Petitioner filed a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255, contending in part that he was entitled to relief from his sentenced as a career offender under the Fourth Circuit's en banc decision in United v. Simmons, 649 F.3d 237 (4th Cir. 2011).[1] On June 12, 2013, this Court denied and dismissed Petitioner's motion to vacate as time-barred. [Doc. 8]. The Court further found that equitable tolling was not warranted, that Petitioner's Simmons claim was in any event without merit, and that his claim was also barred by the waiver in his plea agreement and procedurally defaulted. [Id.]. On August 22, 2016, Petitioner filed the pending motion under Rule 60(b) of the Federal Rules of Civil Procedure.

## DISCUSSION

Rule 60 of the Federal Rules of Civil Procedure provides, in pertinent part, as follows:

---

[1] Petitioner placed the Section 2255 petition in the prison mailing system on May 26, 2012, and it was stamp-filed in this Court on June 4, 2012.

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). Subsection (c) of Rule 60 provides that "[a] motion under Rule 60(b) must be made within a reasonable time--and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c). In support of the motion for relief from judgment, Petitioner again argues the merits of his underlying claim for relief. He also contends that this Court should have allowed him to respond before the Court dismissed the petition as untimely.

Petitioner's motion for reconsideration is denied. First, Petitioner did not file the pending Rule 60(b) motion within a reasonable time following the

Court's denial of the motion to vacate. The Court denied Petitioner's motion to vacate on June 12, 2013, and Petitioner did not file the present motion for reconsideration until August 22, 2016, over three years later. Accordingly, Petitioner's motion for reconsideration is untimely.

In any event, Petitioner has not shown that he is entitled to relief from this Court's earlier judgment. First, for the reasons stated in the Court's original order, Petitioner's claims were properly dismissed on the merits. Second, as to the Court's dismissal based on timeliness, the Court was not required to give Petitioner an additional opportunity to explain the delay in filing his motion under Hill v. Braxton, 277 F.3d 701, 706 (4th Cir. 2002) (requiring courts to advise a petitioner that his habeas motion or petition is subject to dismissal as time-barred under the AEDPA, and to give petitioner an opportunity to explain his delay before entering a *sua sponte* dismissal of the case). As this Court explicitly found in its order of dismissal, notice under Hill v. Braxton was not required as Petitioner had already set forth his timeliness arguments in his original petition.[2]

---

[2] Petitioner appears to assert a new theory of timeliness, contending now that his petition was timely under Section 2255(f)(3), rather than under Section 2255(f)(4) as he contended in his original petition. Petitioner cannot change his theory of timeliness at this late date through a Rule 60 motion. In any event, Petitioner's argument as to timeliness under Section 2255(f)(3) is foreclosed by the Fourth Circuit's decision in United States v. Powell, 691 F.3d 554, 563 (4th Cir. 2012).

4

For all of these reasons, the Court will deny Petitioner's motion for reconsideration.

**CONCLUSION**

Based on the foregoing, the Court concludes that Petitioner's Motion for Reconsideration will be denied.

The Court finds that Petitioner has not made a substantial showing of a denial of a constitutional right. See generally 28 U.S.C. § 2253(c)(2); see also Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a "petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong") (citing Slack v. McDaniel, 529 U.S. 473, 484-85 (2000). Petitioner has failed to demonstrate both that this Court's dispositive procedural rulings are debatable, and that the Motion to Vacate states a debatable claim of the denial of a constitutional right. Slack v. McDaniel, 529 U.S. 473, 484-85 (2000). As a result, the Court declines to issue a certificate of appealability. See Rule 11(a), Rules Governing Section 2255 Proceedings for the United States District Courts, 28 U.S.C. § 2255.

**O R D E R**

**IT IS, THEREFORE, ORDERED** that Petitioner's Motion to Reconsider [Doc. 16] is **DENIED**.

**IT IS FURTHER ORDERED** that the Court declines to grant a certificate of appealability.

**IT IS SO ORDERED.**

Signed: September 2, 2016

Martin Reidinger
United States District Judge