IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CRIMINAL CASE NO. 1:09-cr-00013-MR-3

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> DENNIS LAMAR BRUTON, ) <br> ) <br> Defendant. ) <br> _____ ) | **O R D E R** |

**THIS MATTER** is before the Court on the Defendant's Unopposed Motion for Reduced Sentence under the First Step Act of 2018 [Doc. 953].

## I.   BACKGROUND

In June 2009, the Defendant pled guilty pursuant to a written plea agreement to one count of conspiracy to possess with intent to distribute 50 grams or more of cocaine base, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A). [Doc. 261: Acceptance of Guilty Plea]. At the time, that offense carried a statutory range of 10 years to life and a minimum supervised-release term of five years. [Doc. 465: PSR at ¶¶ 84, 87]. The Court found that the Defendant was responsible for between 50 and 150 grams of cocaine base. [See Doc. 547: Statement of Reasons ("SOR") at 4; see also

Doc. 806: Supp. PSR (recounting drug weight of 50 to 150 grams)]. The Court calculated a Guidelines range of 262 to 327 months under the career-offender guideline. [See Doc. 465: PSR at ¶¶ 29 (applying career-offender enhancement); see also Doc. 547: SOR]. It then imposed a low-end sentence of 262 months and a supervised release term of five years. [See Doc. 546: Judgment].

The Defendant now moves for a reduction of sentence under the First Step Act. [Doc. 953]. While "not agree[ing] with all the arguments presented in favor of the requested reduction," the Government agrees that this Court "should exercise its discretion to reduce [the Defendant's] sentence to time served." [Id. at 1].

## II. DISCUSSION

On August 3, 2010, the Fair Sentencing Act of 2010, Pub. L. 111-220, went into effect. Section 2 of the Act increased the quantity of cocaine base required to trigger the enhanced penalties of Section 841. Specifically, it raised the (b)(1)(A) threshold from "50 grams" to "280 grams" and the (b)(1)(B) threshold from "5 grams" to "28 grams." Section 3 eliminated the mandatory minimum for simple possession of cocaine base under 21 U.S.C. § 844(a). Congress did not apply these changes retroactively to defendants

sentenced before the Act's passage. Accordingly, the Defendant could not obtain relief under the Fair Sentencing Act.

On December 21, 2018, the President signed into law the First Step Act of 2018, Pub. L. 115-391. Section 404 of the Act gives retroactive effect to the changes made by Sections 2 and 3 of the Fair Sentencing Act of 2010. Section 404(a) defines a "covered offense" as "a violation of a Federal criminal statute, the statutory penalties for which were modified by Section 2 or 3 of the Fair Sentencing Act of 2010 (Public Law 111-220; 124 Stat. 2372), that was committed before August 3, 2010." Section 404(b) then provides that "[a] court that imposed a sentence for a covered offense may . . . impose a reduced sentence as if Section 2 or 3 of the Fair Sentencing Act of 2010 (Public Law 111-220; 124 Stat. 2372) were in effect at the time the covered offense was committed."

The Defendant is eligible for relief under the First Step Act because he was convicted of a "covered offense" under Section 404(a)'s definition. See United States v. Wirsing, 943 F.3d 175 (4th Cir. 2019). His offense was committed before August 3, 2010; he was subjected to the enhanced statutory penalties under § 841(b)(1)(A); and those statutory penalties were "modified by Section 2 . . . of the Fair Sentencing Act." Further, the Defendant's sentence has not been previously reduced by the operation of

Sections 2 or 3 of the Fair Sentencing Act of 2010, and no previous motion has been made by the Defendant pursuant to Section 404 of the First Step Act of 2018.

Based on the Fourth Circuit's decision in United States v. Chambers, 956 F.3d 667 (4th Cir. 2020), reh'g denied (July 8, 2020), the Court is now called upon to retroactively apply the 2011 Simmons decision to the Defendant's 2009 conviction. As a result, the Defendant no longer has any career offender predicates. [See Doc. 465: PSR at ¶ 29]. Thus, for the purposes of this calculation, the Defendant no longer carries a career offender designation. Based thereon, the Defendant asserts that he faces a total offense level no higher than 27 and a criminal history category of V. That combination would yield an advisory Guidelines range of 120 to 150 months.

In light of the fact that the Defendant is no longer to be considered a career offender and for the reasons set forth in the Defendant's motion [see Doc. 953], the Court finds that the Section 3553(a) factors—including, but not limited to, evidence of post-sentencing rehabilitation[1]—support a

---

[1] The Court notes that the Defendant has received only a few minor disciplinary actions while in custody. [See Doc. 806: Supp. PSR at 2; Doc. 953-1: Email from Probation]. The Defendant, however, has also successfully completed numerous educational programs and work assignments. [Id.].

4

Case 1:09-cr-00013-MR-WCM   Document 954   Filed 07/22/20   Page 4 of 6

sentence of time served.  As of July 15, 2020, the Defendant has credit for 152 months in BOP custody.  [See Doc. 953-1: Email from Probation].

Based on the entire record of the case, including the Defendant's disciplinary record with the BOP, the Court in its discretion reduces the Defendant's sentence to a period of time served plus ten (10) days.  The Defendant's term of supervised release shall be reduced to a period of four (4) years.

**IT IS, THEREFORE, ORDERED** that the Defendant's Unopposed Motion for Reduced Sentence under the First Step Act of 2018 [Doc. 953] is **GRANTED**, and the Defendant's sentence is hereby reduced to **Time Served plus ten (10) days** and the term of supervised release is hereby reduced to a term of **four (4) years**.  All other terms and conditions of the Defendant's Judgment [Doc. 546] shall remain in full force and effect.

The Clerk is respectfully directed to prepare an Amended Judgment in accordance with this Order.

The Clerk is further directed to provide copies of this Order to the Defendant, counsel for the Defendant, the United States Attorney, the United States Marshals Service, the United States Probation Office, and the United States Bureau of Prisons.

**IT IS SO ORDERED.**

Signed: July 22, 2020

Martin Reidinger
Chief United States District Judge