# THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## ASHEVILLE DIVISION
## CRIMINAL CASE NO. 1:09-cr-00013-MR-WCM-3

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **O R D E R** |
| | ) | |
| | ) | |
| DENNIS LAMAR BRUTON, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**THIS MATTER** is before the Court upon the Defendant's "Unopposed Motion for Early Termination of Supervised Release" [Doc. 1004]. The Government, in fact, opposes the Defendant's motion.

In June 2009, the Defendant pled guilty to one count of conspiracy to possess with intent to distribute cocaine base. [Doc. 261]. He was sentenced to 262 months of imprisonment and a supervised release term of five years. [Doc. 546]. After serving 152 months, the Defendant filed an Unopposed Motion to Reduce Sentence pursuant to The First Step Act of 2018. [Doc. 953]. The Court granted the Defendant's motion and reduced his sentence to time-served plus ten days, and a supervised release term of four years. [Doc. 954]. The Defendant began his term of supervision in July 2020.

The Defendant now seeks the early termination of his supervised release. [Doc. 1004]. The Court requested the Government respond to the Defendant's motion.

The Defendant's probation officer reports that the Defendant has been generally compliant with the terms of supervised release. In September 2021, the Defendant tested positive for marijuana. He received a verbal reprimand and a referral to substance abuse treatment, which he successfully completed. The Defendant has not made a payment on his court-appointed counsel fees since February 2022 and has an outstanding balance of $3,758.25. For all these reasons, the probation officer does not support the Defendant's request and instead defers to the Court. The Government opposes the Defendant's motion, noting that he has only completed approximately 28 months, or just shy of 58 percent, of his court-ordered supervision. [Doc. 1009].

In order to terminate a defendant's term of supervised release, the Court must be "satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1). While the Defendant's overall compliance with the terms of supervision is commendable, the Court is not satisfied that termination is warranted under

the circumstances at this time.  Although early termination of supervision may be appropriate at a later date, the Court concludes that the Defendant would benefit from continued supervision.  Accordingly, the Court declines to exercise its discretion to terminate the Defendant's term of supervised release at this time.

**IT IS, THEREFORE, ORDERED** that the Defendant's Motion to Terminate Supervised Release [Doc. 1004] is **DENIED**.  The Defendant's term of supervised release shall continue as originally sentenced.

The Clerk is directed to serve a copy of this Order on the Defendant, counsel for the Government, and the United States Probation Office.

**IT IS SO ORDERED.** Signed: November 28, 2022

Martin Reidinger
Chief United States District Judge

3